UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ADEYINKA OKUPE,

                        Petitioner,

                        **MEMORANDUM & ORDER**

      -against-

                        04 CR 132

UNITED STATES OF AMERICA,

                        Respondent.
-------------------------------------------------------X
DEARIE, Chief Judge.

On April 28, 2004, petitioner pled guilty to heroin importation in violation of 21 U.S.C. § 952(a), Count One of a two-count indictment. On December 17, 2004, he was sentenced to thirty-seven months imprisonment and a three-year term of supervised release. On March 2, 2005, he filed a notice of appeal pro se. Assigned appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and respondent moved for dismissal based on petitioner's waiver of his appellate rights. On November 17, 2006, the Second Circuit dismissed the appeal on the ground that the notice of appeal was untimely.

On February 22, 2007, petitioner, pro se, filed papers captioned "Motion to be Resentenced as a Misdemeanor Pursuant to a Writ of Error Coram Nobis." He contends that he should have been convicted of a misdemeanor offense instead of a felony because drug quantity was neither specified in the plea agreement nor stated during the plea colloquy. In addition, he claims that his counsel was ineffective for failing to make that argument at sentencing.

The Court notes that although Count One of petitioner's indictment charges him with knowingly and intentionally importing one kilogram or more of a substance containing heroin, petitioner pled to the lesser included offense of importation of an unspecified quantity of a

substance containing heroin. This was explicitly discussed during the plea proceeding. (Plea 8.) The fact that petitioner would be subject to removal upon conviction for the offense was also explicitly addressed. (Plea 16.) Petitioner was sentenced pursuant to 21 U.S.C. § 960(b)(3), the penalty provision applicable to importation of an unspecified quantity of heroin. Section 960(b)(3) requires no mandatory minimum and a maximum of twenty years imprisonment. In contrast, 21 U.S.C. § 960(b)(1)(A), the penalty provision applicable to importation of one kilogram or more of heroin, requires a ten year minimum term of imprisonment.

In his papers, petitioner states that he brings the action as a writ of error coram nobis because he is no longer in custody. However, it appears that petitioner was "in custody" within the meaning of 28 U.S.C. § 2255 at the time he filed his application, and continues to be "in custody," because his period of supervised release has not expired.[1] See Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (a petitioner on supervised release is "in custody"). Because "[c]oram nobis is an 'extraordinary remedy'. . . generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence," Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005) (citing United States v. Morgan, 346 U.S. 502, 511 (1954)), coram nobis is not an appropriate form of relief in this case.

In Adams v. United States, the Second Circuit ruled that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be

---

[1] Petitioner was taken into custody at the time of his arrest on January 20, 2004. The information available from the Federal Bureau of Prisons inmate locator database indicates that he was released from prison on September 26, 2006.

2

> considered as made under § 2255 because of the nature of the relief
> sought, and offers the movant the opportunity to withdraw the motion
> rather than have it so recharacterized.

155 F.3d 582, 584 (2d Cir. 1998) (per curiam); see also Castro v. United States, 540 U.S. 375, 383 (2003) (similarly limiting recharacterization). Accordingly, petitioner is notified that his motion should be considered as made under 28 U.S.C. § 2255. If the Court recharacterizes the motion, any subsequent § 2255 motion will be subject to restrictions applicable to "second or successive" petitions.[2]

Petitioner is directed to notify the Court in writing within thirty (30) days whether he wishes to withdraw his petition. Petitioner is advised that if he chooses to withdraw this petition, any motion for relief under 28 U.S.C. § 2255 must be filed within the one-year statute of limitations period as set forth in the margin.[3]

---

[2] Petitioner may not bring a "second or successive" petition unless the Court of Appeals certifies that claims therein rely on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255.

[3] The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented

If petitioner fails to notify the Court within thirty (30) days that he wishes to withdraw this petition, it shall be recharacterized as a motion under 28 U.S.C. § 2255. If petitioner wishes to amend the petition to include additional § 2255 claims, he must also notify the Court in writing within thirty (30) days.

SO ORDERED.

Dated: Brooklyn, New York
October 9, 2007

s/ Judge Raymond J. Dearie
───────────────────────
RAYMOND J. DEARIE
United States District Judge

---

could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.